14 F.3d 597
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Vaughn J. CURTIS, a/k/a Vaughn Mark Bruno, a/k/a Twin,
Defendant-Appellant.
 No. 93-5466.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 22, 1993.
Jan. 24, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, District Judge. (CR-92-114)
 Robert J. Willis, Jones, Avery & Willis, Raleigh, NC, for appellant.
 James R. Dedrick, U.S. Atty., David P. Folmar, Jr., Asst. U.S. Atty., Raleigh, NC, for appellee.
 E.D.N.C.
 AFFIRMED.
 Before WILKINS and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Vaughn Curtis appeals from a district court judgment entered pursuant to a jury verdict finding him guilty of committing and conspiring to commit armed bank robbery, in violation of 18 U.S.C. Secs. 371 (1988) and 18 U.S.C.A. Sec. 2113(a) & (d) (West 1988 & Supp.1993), and of using a firearm during a crime of violence, in violation of 18 U.S.C.A. Sec. 924(c) (West 1988 & Supp.1993). His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738, 744 (1967), raising arguments relating to Curtis's conviction and sentence, but also stating that, in his view, there are no meritorious issues for appeal. Curtis has also filed a pro se supplemental brief.
 
 
 2
 Initially, we find that the district court properly denied Curtis's motion for acquittal. The evidence of guilt in this case was overwhelming. Curtis was photographed by bank cameras during the robbery, and identified in the photographs by witnesses who personally knew him. He was identified by a bank employee as one of two perpetrators that pointed guns at bank employees during the robbery. His two co-defendants testified to his participation in the robbery and to his agreement to use firearms as part of a plan to rob the bank. A witness outside the bank saw him running to his car parked near the bank just after the bank was robbed.
 
 
 3
 Next, we find no abuse of discretion in the trial court's decision to permit two law enforcement officers who did not appear on the Government's pretrial witness list to testify. The Government was not required by law to identify all its witnesses before trial. See United States v. Reis, 788 F.2d 54, 58 (1st Cir.1986). Moreover, there is no dispute that defense counsel was aware of the substance of the witnesses' testimony, or that the trial court carefully examined the jury prior to permitting each witness to testify and determined that none of the jurors were acquainted with either witness. Thus, we conclude that Curtis suffered no prejudice due to the trial court's decision to permit these witnesses to testify.
 
 
 4
 We also find no merit to Curtis's contention that the district court erred by applying the twenty-year sentence enhancement required by Sec. 924(c) for a second or subsequent conviction for using a firearm during and in relation to a crime of violence. Curtis contends that the enhancement does not apply because the offense which resulted in his first conviction, and the entry of the first conviction itself, occurred after the offense underlying his Sec. 924(c) conviction in this case. It is not the sequence of Curtis's convictions or sentencings, however, that control this issue. Rather, the enhancement applies because Curtis has been found guilty, on two separate occasions, of using a firearm in relation to the commission of a felony. See Deal v. United States, 61 U.S.L.W. 4474 (1993); United States v. Raynor, 939 F.2d 191, 194 (4th Cir.1991).
 
 
 5
 In accordance with the requirements of Anders, supra., we have examined the entire record, including Curtis's supplemental brief, and find no other meritorious issues for appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in its implementation of the Criminal Justice Act of 1964, 18 U.S.C. Sec. 3006A (1988), we require that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If required by his client to do so, counsel should prepare a timely petition for a writ of certiorari.*
 
 
 6
 The district court's judgment order is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 
 *
 We therefore deny motions filed by both Curtis and his attorney requesting that Curtis's counsel be relieved as his attorney in this case